942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. KROLL, Plaintiff-Appellant,
v.
Mary E. WILLARD, et al., Defendant-Appellee.
 No. 90-35335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Kroll[1] appeals pro se the district court's denial of his motion to reconsider the dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction prusuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) ( quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (court's emphasis)). We construe Kroll's motion as a Rule 60(b) motion because it was filed more than ten days after entry of the judgment. See Fed.R.Civ.P. 60(b) & 59(e). An appeal from a denial of Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.[2]
 
 
 4
 Kroll's complaint alleged that his constitutional right to the custody of his children had been violated in various custody proceedings in South Dakota and Washington. In addition, Kroll brought a habeas claim, sought to bring criminal charges against the defendants, and alleged various torts.
 
 
 5
 The district court found that it lacked jurisdiction to hear the action because it was essentially a custody dispute. The court found that South Dakota was immune from section 1983 actions under the eleventh amendment and that defendant Judge Paul Kern was entitled to absolute judicial immunity. The court found that the other defendants had not acted under color of state law. Finally, the court found that the habeas claim and the criminal charges were improper, and that the court lacked diversity jurisdiction.
 
 
 6
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 7
 Here, Kroll failed to show that his case meets any of the requirements for Rule 60(b) relief. Rather, in his motion for reconsideration he repeated many of the same claims and arguments he made in his original complaint. In addition, he argued that the district court was biased, that the doctrines of eleventh amendment immunity and judicial immunity are unconstitutional and inapplicable, and that laypersons can violate the federal civil rights statute. Given these circumstances, we cannot conclude that the district court abused its discretion in denying the motion for reconsideration. See Molloy, 878 F.2d at 315.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 James Kroll is the only party to appeal because only he signed the notice of appeal. See Elias v. Connett, 908 F.2d 521, 522 n. 1 (9th Cir.1990)
 
 
 [2]
 Kroll's notice of appeal was not timely as to the underlying judgment of dismissal, and a Rule 60(b) does not toll the time for appeal. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 110 S.Ct. 192 (1989)