967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Hildreth ATKINS, Plaintiff-Appellant,
v.
Officer WEAVER; City of Newberg, Defendants-Appellees.
 No. 91-36219.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Hildreth Atkins appeals pro se the district court's denial of his postjudgment motion for a new trial. The district court construed Atkins's motion as a motion for a new trial pursuant to Fed.R.Civ.P. 59 motion and denied it as untimely. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, and affirm. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 3
 A motion for a new trial pursuant to Rule 59 must be served within 10 days of entry of judgment. See Fed.R.Civ.P. 59(b). Atkins's motion for a new trial was filed more than thirty days after entry of judgment and was therefore untimely pursuant to Rule 59(b). Thus, the district court correctly denied relief pursuant to Rule 59. Nevertheless, we may construe Atkins's motion as a Rule 60(b) motion. An appeal from the denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.[1]
 
 
 4
 A motion for relief from judgment may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed.R.Civ.P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). To receive a new trial under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case. Jones v. Aero/Chem Corp., 921 F.2d 875, 878-79 (9th Cir.1990) (per curiam); In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir.1987). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 Here, Atkins alleged several grounds for a new trial, including defendant Officer Weaver's perjury, defense counsel's harassment of him on the witness stand, his counsel's incompetence, improper testimony of an expert witness, and judicial bias. Atkins submitted his own affidavits as supporting evidence for his motion for a new trial.
 
 
 6
 Atkins has made no showing of mistake, inadvertence, surprise, or excusable neglect. See Fed.R.Civ.P. 60(b)(1). Further, Atkins has not identified any specific, admissible evidence which he could not, with reasonable diligence, have discovered during trial. See Fed.R.Civ.P. 60(b)(2); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987). Atkins's conclusory allegations of perjury and judicial bias are insufficient to establish by clear and convincing evidence that the judgment was obtained by fraud or misconduct. See Fed.R.Civ.P. 60(b)(3); In re M/V Peacock, 809 F.2d at 1404-05. Atkins had a full and fair opportunity to present his case, and the misconduct he alleges is not sufficient to warrant a new trial. See id. Atkins has made no showing of a void or discharged judgment, and there are no extraordinary circumstances warranting relief under Rule 60(b)(6). See Fed.R.Civ.P. 60(b)(4), (5), (6). Thus, the district court did not abuse its discretion by denying Atkins's motion for a new trial. See Molloy, 878 F.2d at 315.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Atkins's notice of appeal was not timely as to the underlying judgment of dismissal, and a Rule 60(b) does not toll the time for appeal. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989)