967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry James TUCKER, Plaintiff-Appellant,
v.
Judith ALLEN, Clerk of Maricopa County Superior Court,
Defendant-Appellee.
Terry James TUCKER, Plaintiff-Appellant,
v.
Judith ALLEN, Clerk of Maricopa County Superior Court,
Defendant-Appellee.
 Nos. 91-16512, 91-16715.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Terry James Tucker, an Arizona state prisoner, appeals pro se the district court's denial of his motions for reconsideration. We review "for an abuse of discretion, and we will reverse 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (emphasis in original) (quotation omitted). We affirm.
 
 
 3
 Tucker contends that the district court erred in dismissing his 42 U.S.C. § 1983 complaints as frivolous on the ground that Allen had absolute immunity from damages.[1] This contention lacks merit.
 
 
 4
 A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988).
 
 
 5
 Here, Allen has absolute immunity from damages because she was performing a task integral to the judicial process when she signed the warrants for Tucker's arrest. Therefore, because Tucker's complaints lack an arguable basis in law, the district court did not abuse its discretion in denying Tucker's motions for reconsideration. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We interpret the district court's dismissal of Tucker's complaints before service of process as dismissals under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)