992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William MCKINNEY, Plaintiff-Appellant,
v.
J. SANDERS, Defendant-Appellee.
 No. 92-15071.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William McKinney, a Nevada state prisoner, appeals pro se the denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the district court's order dismissing his action for failure to comply with the court's orders. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 On August 28, 1990, McKinney filed a civil rights action against the defendant prison officials. On October 16, 1990, the defendants filed a motion for summary judgment. McKinney filed a motion in opposition to the summary judgment to which he attached various exhibits. The defendants filed a motion to strike the exhibits because McKinney did not provide the defendants with a copy of the exhibits as required by Fed.R.Civ.P. 5. McKinney responded to the motion to strike by stating that he could not afford to photocopy the exhibits.
 
 
 4
 The magistrate judge issued an order requiring McKinney to submit a computer print-out of the activity on his prison account in order to determine whether he was indigent. McKinney did not comply with the order. He instead filed a motion with the court to withdraw his exhibits, stating that he had paid off his prison account and could now photocopy the exhibits and serve them on the defendants.
 
 
 5
 On September 6, 1991, the district court granted McKinney's motion to withdraw his exhibits, and ordered him to serve the defendants with a photocopy of the exhibits by September 13, 1991. On September 9, 1991, the district court issued another order stating that there would be no further extensions of time granted for either party. McKinney did not serve the defendants by September 13, as required by the district court's September 6, 1991 order.
 
 
 6
 On September 25, 1991 the district court dismissed the entire action for failure to follow the court's orders, and granted the defendants' motion for summary judgment since there was no evidence in opposition to the summary judgment.
 
 
 7
 On October 15, 1991, McKinney filed a Rule 60(b) motion to set aside the dismissal. The district court denied the Rule 60(b) motion on December 2, 1991. McKinney timely appeals from the denial of the Rule 60(b) motion. See Fed.R.App.P. 4(a)(1) (notice of appeal must be filed within thirty days after the entry of judgment or order appealed from).
 
 
 8
 The denial of a Rule 60(b) motion is reviewed only for abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978); Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the underlying judgment. Molloy, 878 F.2d at 315.
 
 
 9
 In order to determine whether the district court abused its discretion by denying McKinney's Rule 60(b) motion, we must decide whether the district court's previous order dismissing McKinney's action for failure to follow the court's orders was proper.
 
 
 10
 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). The district court's dismissal should not be disturbed unless there is a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Id.
 
 
 11
 The district court must weigh five factors before dismissing a case for failure to obey a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). If the district court does not explicitly consider these factors, we must independently review the record to determine whether the dismissal was an abuse of discretion. See id.
 
 
 12
 A. Expeditious Litigation and Docket Management
 
 
 13
 McKinney's case was pending for over a year before it was ultimately dismissed. His failure to comply with the court's orders to provide information about his indigency status, and his failure to serve the defendants with his exhibits as required by the court's order delayed the disposition of the action. Therefore, these first two factors weigh in favor of dismissal.
 
 B. Prejudice to Defendants
 
 14
 To show prejudice, a defendant must show that the plaintiff's actions interfered with defendant's ability to proceed to trial or interfered with the rightful decision of the case. See id. at 131. Here, although the defendants have made no specific showing of prejudice, the lack of prejudice to defendants is not necessarily determinative. See id.
 
 C. Consideration of Less Drastic Sanctions
 
 15
 The district court exercised various alternatives prior to dismissal. The district court inquired into McKinney's indigency status and held all pending motions in abeyance while it determined his ability to pay to photocopy his exhibits. The district court allowed McKinney an opportunity to serve the exhibits on the defendants by September 13, 1991, but McKinney did not comply. Although the district court did not specifically warn McKinney of the possibility of dismissal for failure to comply with the court's orders, the court issued an order stating that no further extensions of time would be granted. Therefore, this factor also supports the district court's order of dismissal.
 
 
 16
 D. Public Policy Favoring Disposition on the Merits
 
 
 17
 Although the fifth factor almost always weighs against dismissal, it does not outweigh the other relevant factors here. We conclude that the district court did not abuse its discretion by dismissing McKinney's action for failure to follow the court's orders. See Ferdik, 963 F.2d at 1260. Moreover, as the district court noted, McKinney was an "experienced" pro se litigant, with a long history of filings in the district court.
 
 
 18
 Because the district court did not abuse its discretion by dismissing McKinney's action for failure to follow the court's orders, the district court also did not abuse its discretion by denying McKinney's Rule 60(b) motion. See Molloy, 878 F.2d at 315.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3