995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nosrat SHOAI, Plaintiff-Appellant,
v.
DEPT. OF CORRECTIONS; Napa State Hospital, Defendants-Appellees.
 No. 92-16518.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nosrat Shoai appeals pro se the district court's denial of her Fed.R.Civ.P. 60(b) motion for relief from the district court's order dismissing Shoai's Title VII, 42 U.S.C. §§ 2000e et seq., employment discrimination action for lack of prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quotations omitted). We review only the denial of the Rule 60(b) motion, not the merits of the underlying judgment. Id.
 
 
 4
 Pursuant to Rule 60(b), a district court "may relieve a party ... from final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).
 
 
 5
 Here, Shoai filed a complaint with the Equal Employment Opportunity Commission ("EEOC") following her dismissal by the California Department of Corrections ("CDOC") for incompetence. The EEOC found no evidence of discrimination and, on November 20, 1986, issued Shoai a notice of right-to-sue. On February 18, 1987, Shoai filed a Title VII action in district court.[1]
 
 
 6
 On September 16, 1991, the district court notified Shoai that her case was being placed on the court's October 30, 1991 dismissal calendar for lack of activity for over four months. The district court stated that any opposition to the dismissal must be submitted to the court by October 23, 1991. On October 29, 1991, Shoai requested a sixty-day extension beyond October 30, 1991 to "hopefully ... find an attorney."[2] More than six months passed without any action by Shoai. On April 30, 1992, the district court dismissed Shoai's case with prejudice for failure to prosecute and ordered judgment for the CDOC.
 
 
 7
 On May 21, 1992, Shoai moved for relief from dismissal pursuant to Fed.R.Civ.P. 60(b). On August 6, 1992, The district court denied Shoai's motion, finding no reason to exercise its discretion to rescind its order of dismissal.
 
 
 8
 Shoai did not show that her failure to prosecute her federal action for more than two years following the termination of her state court action was due to mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from judgment. On this record, we conclude the district court did not abuse its discretion by denying Shoai's motion for relief from judgment. See Molloy, 878 F.2d at 315.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On October 29, 1987, the district court stayed the federal action pending the termination of Shoai's state court action, which concluded on March 13, 1990, when the California Court of Appeals affirmed the Superior Court's denial of Shoai's claim
 
 
 [2]
 In 1987, Shoai filed two motions for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B), which the district court denied on the ground that Shoai failed to show a probability of success on the merits