996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Frank LEWIS, Plaintiff-Appellant,
v.
Robert ALCORN, Sr.; Robert Alcorn, Jr.; Richard Alcorn;
Tim Alcorn, Defendants-Appellees.
 No. 92-35393.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Frank Lewis, an Idaho state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion and dismissal, pursuant to 28 U.S.C. § 1915(d), of his 42 U.S.C. § 1985(3) complaint. Lewis alleged that four private citizens violated his civil rights by conspiring to harass one of his criminal defense witness because the witness was a homosexual. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review both the district court's denial of Lewis's Fed.R.Civ.P. 60(b) motion, Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989), and its dismissal of the action as frivolous under 28 U.S.C. § 1915(d), Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), for an abuse of discretion. We affirm.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), an action is frivolous if it lacks an arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Although a court must construe a pro se plaintiff's pleadings liberally and afford the plaintiff the benefit of any doubt, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 632 (9th Cir.1988), a pro se complaint may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Section 1985(3) applies only where there is "some racial, or perhaps otherwise class-barred, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 103 (1971). This court has specifically held that "homosexuals are not a class entitled to the protections of section 1985(3)." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1537 (9th Cir.1992) (citing DeSantis v. Pacific Tel. & Tel. Co., 608 F.2d 327, 333 (9th Cir.1979)).
 
 
 4
 Lewis contends that homosexuals should constitute a suspect class under section 1985(3), and therefore the district court erred in denying his motion to reconsider its dismissal of his action. Both this court, see Sever, 978 F.2d at 1537, and the United States Supreme Court, see Griffin, 403 U.S. at 103, have held that homosexuals are not a suspect class under section 1985(3).[1] The district court, therefore did not abuse its discretion by denying Lewis's Fed.R.Civ.P. 60(b) motion to reconsider its 28 U.S.C. § 1915(d) dismissal as frivolous of Lewis's 42 U.S.C. § 1985(3) action.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lewis also raises a claim, apparently for the first time in this appeal, concerning a deprivation of his rights under 42 U.S.C. § 1985(2) in which he alleges he has a fundamental right to protection from witness intimidation. The first clause of section 1985(2) concerns intimidation of witnesses in federal court, but Lewis's action involved a state criminal proceeding. The second clause of section 1985(2) requires a "class-based animus," Bretz v. Kelman, 773 F.2d 1026, 1028 (9th Cir.1985), which Lewis has failed to allege. Lewis, therefore, fails to establish an arguable basis in law pursuant to 42 U.S.C. § 1985(2). See Nietzke, 490 U.S. at 324