17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael McCORMICK, Sr., Aerie Financial Group, a California
Corporation, dba Real Estate Rehab Group Ltd.
Plaintiffs-Appellants,
v.
Kenneth M. COHN, Robert Cohn, Jay Amon, Real Estate Rehab
Group Ltd., a New Mexico Corporation,
Defendants-Appellees.
Michael McCORMICK, Sr., an individual, et al., Plaintiffs,
v.
Kenneth M. COHN, an individual, et al., Defendants.
Kenneth M. COHN, an individual, Robert Cohn, an individual,
Jay Amon, an individual, Real Estate Rehab Group
Ltd., a New Mexico Corporation,
Counter-Claimants-Appellees,
v.
Michael McCORMICK, Sr., an individual, Aerie Financial
Group, a California Corporation, dba Real Estate
Rehab Group Ltd., Counter-Defendants-Appellants.
 Nos. 92-56251, 92-56342, 92-56344.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1994.
Decided Feb. 10, 1994.
 
 1
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges
 
 ORDER
 
 2
 The district court found that the plaintiffs in this action committed extensive violations both of the discovery rules and of the magistrate judge's discovery order. The court found that plaintiffs knowingly concealed evidence, including information regarding Aerie Financial Group's assignment of the copyright for the "Real Estate Rehab Group Workbook" to publisher John Wiley & Sons, and deliberately offered false deposition and trial testimony. The court carefully and thoroughly analyzed the plaintiffs' violations and considered alternative sanctions. In light of the willfulness and extent of the violations involved, we cannot say that in these unique circumstances the district court abused its discretion in vacating the verdict and dismissing plaintiffs' case with prejudice. Fed.R.Civ.P. 60(b); Fed.R.Civ.P. 37(b)(2)(C). See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (We review a district court's decision on a motion to vacate a judgment under Rule 60(b) for an abuse of discretion and will reverse only upon a clear showing of abuse of discretion); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (We review a dismissal sanction for an abuse of discretion and will only overturn it if we have a "definite and firm conviction that it was clearly outside the acceptable range of sanctions."), cert. denied, 488 U.S. 819 (1988).
 
 
 3
 AFFIRMED.