**Michael Joseph MOLLOY, Plaintiff–Appellant,**

v.

**Mark WILSON, et al., Defendants–Appellees.**

**No. 88–6259.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1989.

Decided June 28, 1989.

Hugh R. Manes, Manes & Watson, Los Angeles, Cal., for plaintiff-appellant.

Dana Alden Fox, Lynberg & Watkins, Los Angeles, Cal., for defendants-appellees.

Before POOLE, BEEZER and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Michael Joseph Molloy appeals from the district court order denying his motion for post-judgment relief. This court has jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

I

BACKGROUND

On October 22, 1986, appellant filed an action for damages under 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Having obtained an extension of time in which to reply, the appellees filed an answer on January 22, 1987. The district court scheduled a mandatory status conference for April 6, 1987, at 10:00 a.m. Notice of the pending hearing was sent to respective counsel for the parties, appellant receiving his notice on March 2, 1987. Neither counsel appeared at the mandatory status conference, and the district court ordered the action dismissed "for lack of prosecution" pursuant to Local Rule 27.2.[1] The docket and the minute order for April 6, 1987, reflect that notice of the dismissal order was mailed to both counsel; however, neither apparently received such notice.

Oblivious to the dismissal of the action, both parties proceeded with their respective discovery in anticipation of trial. Eventually, on April 28, 1988, counsel for appellees inspected the court file and discovered that appellant's action had been dismissed on April 6, 1987, and that an Order of Dismissal had been entered April 7, 1987. Counsel for appellees immediately contacted appellant's counsel and advised him of the district court's dismissal order.

---

1. Local Rule 27.2 of the Central District of California states in pertinent part:
   "Failure of counsel for any party to take any of the following steps may be deemed an abandonment or failure to prosecute or defend diligently by the defaulting party: ...

   (b) Appear at pre-trial conference; ...
   Judgment may be entered against the defaulting party either with respect to a specific issue or on the entire case."

On May 11, 1988, appellant filed a Motion to Vacate the order of dismissal and to reinstate appellant's action to the trial calendar. In a declaration accompanying his motion to vacate, appellant's counsel stated that "due to a heavy trial calendar and the pressure of deadlines during that period, he inadvertently neglected to notate the Status Conference on it." In support of his motion, appellant argued that the mistake of the court clerk in failing to provide notice of the April 7, 1987 order under Fed.R.Civ.P. 77(d) required relief from the order of dismissal pursuant to Fed.R.Civ.P. 60(a) and 60(b)(6).

On June 20, 1988, in a written memorandum opinion, the district court denied appellant's motion to vacate. The district court interpreted Rule 77(d) as imposing a duty on the court clerk to serve notice of the entry of judgment only upon an *appearing* party, and "[s]ince Plaintiff was in default for failure to appear, Rule 77(d) did not require notice to the plaintiff." The court further held that because appellant's counsel relied on excusable neglect in failing to attend the mandatory status conference, Rule 60(b)(1) and not Rule 60(b)(6) was applicable. Accordingly, the district court denied relief because "Rule 60(b)(1) has a one year time limitation which was not complied with by plaintiff's counsel."

## II

## ANALYSIS

### RULE 60 MOTION [2]

#### 1. Standard of Review

We review the district court's denial of a motion to vacate a judgment under Rule 60(b) for an abuse of discretion, and we will reverse "only upon a *clear showing* of abuse of discretion." *Pena v. Seguros La*

Comercial, *S.A.,* 770 F.2d 811, 814 (9th Cir.1985) (court's emphasis) (quoting *Ellis v. Brotherhood of Railway, Airline & Steamship Clerks,* 685 F.2d 1065, 1071 (9th Cir.1982), *aff'd in relevant part,* 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984)). An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. *Schanen v. United States Dept. of Justice,* 762 F.2d 805, 807 (9th Cir.1985), *as modified,* 798 F.2d 348 (1986).

We review a district court's interpretation of the Federal Rules of Civil Procedure *de novo. Jenkins v. Whittaker Corp.,* 785 F.2d 720, 736 (9th Cir.), *cert. denied,* 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296 (1986).

#### 2. Discussion

The lynchpin of appellant's motion for post-judgment relief was his failure to receive notice of the district court's dismissal order. The district court concluded that Rule 77(d) was inapplicable since appellant was "in default for failure to appear." We respectfully disagree with the district court's restrictive interpretation of Rule 77(d).[3]

■ Once a party has appeared generally in an action, he is entitled to notice of all proceedings and actions taken in the case, irrespective of whether he failed to "appear" at some subsequent stage of the proceedings. *See Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 541–42 (2d Cir.1963); *Traveltown, Inc. v. Gerhardt Inv. Group,* 577 F.Supp. 155, 157 n. 2 (N.D.N.Y.1983) (defendants, having answered the complaint, were entitled to immediate notice of the default judgment pursuant to Rule 77(d)). *See also* 7 J. Moore,

---

**2.** Appellant's argument that post-judgment relief should be granted pursuant to Fed.R.Civ.P. 60(a) is clearly without merit. Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987). There is no allegation that the district judge did not intend his dismissal order of April 7, 1987, to say exactly what it did.

**3.** Rule 77(d) provides in pertinent part:

"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear.... Lack of notice of the entry by the clerk does not affect the time to appeal...."

J. Lucas & K. Sinclair, *Moore's Federal Practice* ¶ 77.05 at 77–10 n. 5 (2d ed. 1988). Because appellant has necessarily appeared in this action by reason of his status as plaintiff, we hold that he was entitled to notice of the entry of dismissal pursuant to Rule 77(d).

■ As already indicated, appellant's motion to vacate was expressly predicated on Rule 60(b)(6). The district court, however, in light of the declaration accompanying the motion, treated it as a motion pursuant to Rule 60(b)(1). Because the motion was brought more than one year after entry of dismissal, the court held that the one-year limitation period dictated a denial of appellant's motion.

Rule 60(b) states in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for the reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

It has been established in this circuit that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir.1986).

The circumstances as presented in this case, involving the non-receipt by a party of an order of dismissal, warrant moderation of the harsh time limitation of Rule 60(b) and give the district court discretion to treat the motion to vacate as arising under clause (6) of Rule 60(b), notwithstanding that the underlying basis for vacating the judgment does not strictly constitute "any other reason" as that phrase is used in the rule.

The Second Circuit in *Radack, supra,* discussed the effect of the failure of the court clerk to give notice of a dismissal order. In *Radack,* plaintiff's counsel had learned of the dismissal fifteen months after its entry when an attempt was made to serve interrogatories. A motion to vacate was made within one month of the time counsel learned of the dismissal. The underlying justification for vacating the dismissal was counsel's "mistake, inadvertence, surprise, or excusable neglect" and the motion to vacate was therefore barred by the one-year limitation. The court noted, however, that

lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3). Had notice of the entry of judgment been given in this case, the plaintiffs would have been forewarned of the necessity of moving to vacate within one year if they wished to preserve the grounds on which they could most heavily rely, namely, counsel's inadvertence or excusable neglect.

*Radack,* 318 F.2d at 542. The Second Circuit concluded that "if notice of the judgment was not sent, the judge has the power, in the exercise of a sound discretion, to grant relief under Rule 60(b)(6)." *Id.* at 543.

We find the reasoning in *Radack* persuasive and therefore hold that the one-year limitation of Rule 60(b) does not present an absolute bar to appellant's motion to vacate. To the extent that the district court felt it was procedurally barred by the time limitation of Rule 60(b)(1), we vacate the order denying the motion to vacate and remand in order to enable the district court to exercise its discretion and substantively consider the merits of appellant's motion.

### III

### CONCLUSION

The circumstances of this case warrant tempering of the harsh time limitation of Rule 60(b). As the "reasonable time" limitation of Rule 60(b)(6) appears to be satisfied, the judgment is vacated and the case is remanded so that the district court may

exercise its discretion in reviewing appellant's motion to vacate under that rule.

VACATED and REMANDED.