956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond B. SIMMONS, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF TRANSPORTATION, Defendant-Appellee.
 No. 91-15106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond B. Simmons appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion to vacate summary judgment in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. ("Rehabilitation Act"). Simmons contends that the district court erred by concluding that he failed to present new evidence showing that the statute of limitations had not expired. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion to vacate a judgment under Rule 60(b). Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). "An appeal from denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Id.
 
 
 4
 Rule 60(b) states in relevant part that the court may grant reconsideration of a prior final judgment for "newly discovered evidence which by due diligence could not have been discovered ... [or] any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(2), (6); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-212 (9th Cir.1987) (motion denied where plaintiff failed to present new evidence which would likely change the disposition of the case). Title VII requires that an aggrieved party file a charge "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e. The statute of limitations in Title VII is applicable to allegations of employment discrimination based on the Rehabilitation Act. 29 U.S.C. § 794(a).
 
 
 5
 Here, Simmons assaulted a co-worker. The Department of Transportation ("DOT") placed Simmons on a medical leave of absence and referred him for psychiatric examination and rehabilitation treatment as a condition of returning to work. Simmons failed to complete the treatment and was terminated in September 1973. He filed a complaint of race and handicap discrimination in September 1989. The district court granted summary judgment for DOT because Simmons failed to present a prima facie case of discrimination, and because the statute of limitations barred his action. Subsequently, Simmons filed a motion for reconsideration which the district court also denied.
 
 
 6
 Simmons contends that the motion for reconsideration should have been granted because he had new evidence showing that the statute of limitations had not expired because of his on-going efforts to be reinstated beginning in April 1974 and continuing until June 1989. This argument is without merit.
 
 
 7
 In his motion for reconsideration, Simmons sought to introduce the testimony of a DOT supervisor to show that the statute of limitations had not expired due to his constant efforts to be reinstated.[1] Because this evidence had been available to Simmons since the start of litigation and could have been discovered with reasonable diligence, it was not newly discovered evidence for the purposes of Fed.R.Civ.P. 60(b)(2). See Coastal Transfer Co., 833 F.2d at 212. Therefore, the district court did not abuse its discretion by denying the motion.[2] Id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Simmons also attached reference letters from subsequent employers indicating that he did good work during short terms of employment
 
 
 [2]
 Simmons also alleged negligence as a cause of action. Nonetheless, a negligence claim is barred by any potentially applicable statute of limitations. See Cal Civ.Proc. § 337 (four years for breach of written contract); id. at § 340 (one year for personal injury); id. § 343 (four years where not otherwise provided). Additionally, Simmons alleged a private right of action under section 503 of the Rehabilitation Act, 29 U.S.C. § 793. We reject this claim as section 503 provides no basis for it. See Fisher v. City of Tucson, 663 F.2d 861, 864-65 (9th Cir.1981) (section 503 requires government contractors to take affirmative action to employ and promote qualified handicapped individuals, but defendant can not claim a private right of action), cert. denied, 459 U.S. 881 (1982)