977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hwa Hsi LOVELACE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36286.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hwa Hsi Lovelace appeals pro se the district court's denial of her postjudgment motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Here, Lovelace filed this action challenging the assessment and collection of federal income taxes. The district court dismissed Lovelace's action on the ground that Lovelace had raised the same claims against the same parties in an action filed in the United States District Court for the Eastern District of Tennessee. The court entered judgment on December 12, 1990. Lovelace then filed numerous motions which the district court found frivolous and ordered stricken. On October 22, 1991, Lovelace filed a "Motion to Set Aside Decree and Restore cause to Docket." Lovelace appeals the district court's denial of this motion.
 
 
 4
 The district court construed Lovelace's motion as a motion to reopen pursuant to Fed.R.Civ.P. 59(e). A Rule 59(e) motion must be served within 10 days of entry of judgment. Fed.R.Civ.P. 59(e). Lovelace's motion was filed more than nine months after entry of judgment. Accordingly, the district court correctly denied relief pursuant to Rule 59(e).
 
 
 5
 Nevertheless, we may construe Lovelace's motion as a Rule 60(b) motion. A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed.R.Civ.P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances. Id.
 
 
 6
 Here, Lovelace contends that newly discovered evidence warrants reopening her action. According to Lovelace, this newly discovered evidence consists of her recent discovery that the United States was required to "produce the statutes" prior to assessing or collecting federal income taxes. This frivolous argument does not constitute newly discovered evidence within the meaning of Rule 60(b). See id. Furthermore, Lovelace presented no other meritorious argument in support of her motion to reopen.[1] Accordingly, we affirm the district court's denial of her postjudgment motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Lovelace raises numerous arguments regarding the merits of the underlying judgment. We do not have jurisdiction to consider the merits of the judgment. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Accordingly, we do address these arguments