983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BLACK, M.D., Plaintiff-Appellant,
v.
William R. KIRKPATRICK, Danette Meyers; Michael Masterson;
Jerry Cutler, Defendants-Appellees.
 No. 92-55315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Black, a California state prisoner, appeals pro se the denial of his motion to reconsider the district court's summary judgment in favor of defendants in Black's civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We construe Black's motion to reconsider as a Rule 60(b) motion because it was filed more than ten days after entry of judgment. See Fed.R.Civ.P. 60(b) & 59(e). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 5
 Here, Black asserts that the district court did not consider his objections to the magistrate's report and recommendation prior to entering its final order. He also contends mistake based on the magistrate judge's confusion over the identity of a defendant in Black's civil rights action: the magistrate judge characterized one of the defendants as the prosecutor rather than Black's defense counsel in Black's underlying criminal trial.[1]
 
 
 6
 The district court found that, contrary to Black's assertion, the objections to the magistrate judge's report and recommendation had been considered. The district court also found that the magistrate judge's characterization of the defense counsel as a prosecutor was harmless because the defense counsel also was immune from suit. See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).[2]
 
 
 7
 The remaining points raised by Black in his motion to reconsider reiterate the issues presented in his motion in opposition to defendants' motion for summary judgment and in his opposition to the magistrate's report and recommendation. Accordingly, because Black has failed to meet any of the requirements for Rule 60(b) relief, the district court did not abuse its discretion by denying Black's motion to reconsider. See Molloy, 878 F.2d at 315.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Black's action against the prosecutor, finding him to be absolutely immune from suit
 
 
 [2]
 Black contends on appeal that defense counsel conspired with the other defendants in Black's underlying criminal trial and therefore acted under color of state law. A private party may act under color of state law if he wilfully participates in joint action with state officials to deprive others of their constitutional rights. Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989). Vague and conclusory allegations, however, are not sufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir.1982). Here, the district court in granting summary judgment for defendants, considered Black's claim that there was a conspiracy between each of the defendants and found it to be conclusory