988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Anthony CALDERON, Plaintiff-Appellant,
v.
Anthony GORDON, et al., Defendants-Appellees.
 No. 91-16719.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-88-01447-EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond A. Calderon, a California state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of its summary judgment in favor of prison officials in Calderon's 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quotations omitted). The district court correctly construed Calderon's motion to reconsider as a Rule 60(b) motion because it was filed more than ten days after entry of judgment. See Fed.R.Civ.P. 60(b) & 59(e). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985). The moving party bears the burden of proving the existence of a justification for Rule 60(b) relief. See Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988).
 
 
 5
 Calderon contends that because he was deprived of his legal materials during inter-prison transfers and because he had pending court dates in an other legal action, he was unable to file timely objections to the magistrate's report and recommendation. Calderon asserts that this constitutes excusable neglect warranting reconsideration of the judgment pursuant to Rule 60(b)(1).
 
 
 6
 The magistrate judge issued his findings and recommendations on February 19, 1991. On April 1, 1991, Calderon was transferred from the California Medical Facility to the segregated housing unit at Corcoran State Prison, where he was separated from his legal property until May 29, 1991. During this time, Calderon applied for and received two extensions of time in which to file his objections. The district court gave him until June 21 to file his objections. On June 13, 1991, Calderon was transferred from Corcoran to Folsom in order to allow him to attend a pre-trial conference in Sacramento in another action before Judge Levi. Calderon contends that he prepared an application for a third extension of time and gave it to defendants' counsel in the case to file with the court and to serve on defendants in this case. That application apparently was filed in the case pending before Judge Levi, but was not filed in this action.
 
 
 7
 Calderon was transferred back to Corcoran on June 21, 1991 and received his legal property on June 27, 1991. On July 10, 1991, the district court issued an order adopting the magistrate judge's findings and recommendations and granting summary judgment for defendants. On August 22, 1991, Calderon filed his motion for reconsideration.
 
 
 8
 In denying Calderon's motion, the district court noted that it had granted Calderon two thirty day extensions to file the objections. Although Calderon asserts that he filed a third request for an extension of time, the court never received the application. The court also noted that even after Calderon's other legal case was completed and he was in possession of his legal materials, he failed to file any papers with the district court for almost two months after his second extension expired. Moreover, the district court noted that Calderon never explained to the district court the nature of his objections or why the objections would have compelled the district court to reconsider its grant of summary judgment.
 
 
 9
 Given the circumstances, and that Calderon never explained how his objections would have compelled the court's reconsideration, the district court did not abuse its discretion by denying Calderon's motion to reconsider. See Cassidy, 856 F.2d at 1415; Molloy, 878 F.2d at 315.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3