34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilma WILSON, Plaintiff-Appellant,
v.
WORKERS COMPENSATION APPEALS BOARD, STATE OF CALIFORNIA;
Alpha Graphix, Inc.; Safeco Insurance Co.; Doris
Nistler, Defendants-Appellees.
 No. 93-56687.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wilma Wilson appeals pro se the district court's denial of her motion to reconsider the district court's dismissal of her action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the denial of a motion to reconsider under Fed.R.Civ.P. 60(b) for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We construe Wilson's motion to reconsider as a Rule 60(b) motion because it was filed more than ten days after entry of judgment. See Fed.R.Civ.P. 60(b) & 59(e). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 5
 Here, Wilson sought reconsideration based on "newly discovered evidence" which she asserted established diversity jurisdiction. The district court denied the motion, finding that Wilson's underlying action essentially sought federal review of a state court judgment and that despite Wilson's newly discovered evidence, the district court lacked authority to conduct such a review. We agree.
 
 
 6
 A United States district court as a court of original jurisdiction, "has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) (citing, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)). The proper place to seek such review is the United States Supreme Court. 28 U.S.C. Sec. 1257; McNair, 805 F.2d at 890. "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." McNair, 805 F.2d at 891. The test is whether the claims brought in federal court are "inextricably intertwined" with the state court's decision, such that a decision by the federal court would require reviewing the propriety of the state court decision. Id. at 892 (citing Feldman, 460 U.S. at 483-84 n. 16).
 
 
 7
 Here, Wilson alleged evidentiary errors and constitutional violations connected with her state workers compensation proceedings. Specifically, she alleged that the administrative law judge failed to give her a fair trial because he did not give proper consideration to her symptoms, made erroneous evidentiary rulings, and misapplied the relevant law. Wilson asked the district court to remand her action to the Workers Compensation Appeals Board for further proceedings. We agree with the district court that it lacked authority to conduct a review of Wilson's action. Accordingly, we find no abuse of discretion in the district court's denial of Wilson's motion for reconsideration based on her alleged discovery of diversity jurisdiction. See Molloy, 878 F.2d at 315.
 
 
 8
 Wilson also appeals the district court's denial of her post-judgment motions to file an amended complaint and to supplement the complaint. Because we agree with the district court that amendment in this case would have been futile, we find no abuse of discretion in the district court's denial of Wilson's post-judgment motions. See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir.1987) (district court has discretion to grant or deny motion for leave to amend the complaint).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3