45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re TRACTUG ASSOCIATES, Debtor.
Thomas J. FAUST, Appellant,
v.
U.S. MARITIME ADMINISTRATION, Appellee.
 No. 93-16508.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided Dec. 22, 1994.
 
 1
 Before: TANG, REINHARDT and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The Bankruptcy Appellate Panel (BAP) affirmed the bankruptcy court's denial of Thomas Faust's motion for reconsideration of its order granting summary judgment to the Maritime Administration, Department of Transportation (MARAD). We have jurisdiction and affirm.
 
 
 4
 Following full hearing, in July 1991, the bankruptcy court granted MARAD's motion to release certain insurance funds to it. In August, Faust made a timely motion for reconsideration, but failed to obtain a hearing date as required by local rules. In November, MARAD filed an opposition to the motion, but Faust still did not set a hearing for the motion. On December 5, 1991, the court ordered Faust to set a hearing date within 14 days or the motion would be deemed withdrawn. Court records show the order was mailed to Gregory S. Stout and Roger S. Hanson, the attorneys who appeared on Faust's behalf at two hearings in December of 1990. When no hearing was scheduled, the motion was deemed withdrawn.
 
 
 5
 Subsequently, Faust moved for reconsideration of the December 5 Order on the grounds that his counsel never received a copy of the order. In support Stout submitted a declaration that he was Faust's sole attorney of record and did not receive notice.[1] The court (and the BAP) properly treated the motion as one for relief under Rule 60(b).[2] Reversal is warranted only on a clear showing of abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 6
 Because the district court could have dismissed Faust's motion for reconsideration for violating the local rule and was under no obligation to send him a reminder, we cannot hold that the district court abused its discretion when it extended such a courtesy to Faust. Even if it were clear that Faust had not received the notice, the bankruptcy court would have been well within its discretion to dismiss the motion.
 
 
 7
 Moreover, unlike the cases cited by Faust, he had already had a hearing on the merits, and his claims were resolved against him and in favor of MARAD. When we consider that (1) Faust failed to set a hearing as required by the local rules, (2) the court records show that notice was mailed to both Stout and Hanson, (3) no argument regarding Hanson, who had appeared twice on behalf of Faust, was made in the bankruptcy court, (4) Faust had already had a full hearing on the merits, and (5) it was more than three months after Faust's motion was originally filed, we cannot say that Faust has made a clear showing that the bankruptcy judge abused his discretion in denying relief.
 
 
 8
 Faust's equal protection claim was not raised before either the bankruptcy court or the BAP. In any event, it lacks merit. His argument that Rule 77(d) compels relief under Rule 60(b) was not raised before the bankruptcy court, and the bankruptcy court therefore could not have abused its discretion in not granting relief on that ground.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The subsequent submission of a declaration to the BAP is not relevant to our review, as we are reviewing for abuse of discretion on the part of the bankruptcy judge
 
 
 [2]
 Whether Rule 60(b)(1) or 60(b)(6) is relied on does not change the outcome of this case