57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert A. HEAD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35608.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Head appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the dismissal of his action alleging violations in the resolution of his federal disability retirement claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Here, Head did not serve his motion for reconsideration within 10 days as required by Fed.R.Civ.P. 59(e), thus we treat his motion as one brought under Fed.R.Civ.P. 60(b). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir.1992).[1] Since a Rule 60(b) motion does not toll the time for filing a notice of appeal, and Head's appeal was filed over 30 days after the district court's final judgment, we review only the district court's denial of Head's motion for reconsideration. Fed.R.Civ.P. 60(b).
 
 
 4
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (internal quotations omitted).
 
 
 5
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 6
 Head's motion fails to set forth any of the grounds for relief from judgment under Rule 60(b). See id. He has also failed to show extraordinary circumstances warranting relief under Rule 60(b)(6). See id. Accordingly, the district court did not abuse its discretion by denying Head's Rule 60(b) motion. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Head filed the motion for reconsideration pursuant to a local rule, we will treat it as a Rule 60(b) motion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir.1991) (motion to reconsider can be construed as Rule 60(b) or Rule 59(e) motion even when movant brought it under local rules and cited no governing Federal Rule of Civil Procedure)