62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred BANKS, Plaintiff-Appellant,
v.
Laura WARNER, dba Laura Warner; USD Legal Clinic, dba USD
Legal Clinic; Steven Hartwell, an employee of USD Legal
Clinic; David Crockett, an employee of USD Legal Clinic dba
USD Legal Clinic, Defendants-Appellees.
 No. 94-56732.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Banks appeals pro se the district court's denial of his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's grant of summary judgment for the defendants in his action under 42 U.S.C. Secs. 1983 and 1985, and the Racketeer Influenced and Corrupt Organization Act of 1970, 18 U.S.C. Secs. 1961-1968.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir. 1989) (internal quotations omitted). A motion for reconsideration may be brought under Rule 60(b)(1) if the moving party can show mistake, inadvertence, surprise, or excusable neglect. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).
 
 
 4
 Banks contends that the district court's order was entered through inadvertence and surprise, apparently because the district court took judicial notice of a pending administrative action between Banks and the California Department of Fair Employment and Housing. This contention lacks merit.
 
 
 5
 It is entirely proper for a court to take judicial notice of records and reports of administrative agencies. Oregon Ass'n of Homes for the Aging, Inc. v. Oregon, 5 F.3d 1239, 1243 n.2 (9th Cir. 1993). Furthermore, Banks himself requested that the district court take judicial notice of the administrative action. Accordingly, the district court did not abuse its discretion by denying Banks's motion for reconsideration. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Banks's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The scope of this appeal has been limited by order of this court to review of the district court's October 19, 1992 denial of Banks's motion for reconsideration. Banks v. Warner, 94-56732 (9th Cir. Jan. 26, 1995) (order limiting scope of appeal). Accordingly, we will not address the numerous other issues raised in Banks's brief