87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Cortez JACKSON, Defendant-Appellant.
 No. 95-35943.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR. and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Anthony Jackson appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of its denial of his 28 U.S.C. § 2255 motion to vacate, correct or set aside his sentence for possession of cocaine base.[1]
 
 
 3
 "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We therefore confine our review to the district court's denial of Jackson's Rule 60(b) motion, which we review for abuse of discretion. Id. In his motion for reconsideration, Jackson contends for the first time that his criminal conviction should be overturned based on alleged collusion between state officials, who obtained a civil forfeiture of his assets, and federal officials, who sought his subsequent criminal conviction, thereby violating Jackson's right to be free of double jeopardy. Jackson fails, however, to argue that any of the provisions of Rule 60(b) apply to his case. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Accordingly, the district court's denial of Jackson's motion for reconsideration is
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Red.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Jackson filed his motion for reconsideration more than ten days after the entry of judgment, we construe the motion as filed pursuant to Fed.R.Civ.P. 60(b). See Fed.R.Civ.P. 59(e) and 60(b). Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal