Sherry BOCKWINKEL, et al.,
Plaintiffs—Appellants,

v.

PIERCE COUNTY, et al., Defendants—
Appellees.

No. 01–36101.

D.C. No. CV–96–06007–JET.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 18, 2002.

Before BEEZER, GOULD, and
BERZON, Circuit Judges.

MEMORANDUM*

On October 31, 1996, plaintiffs entered a warehouse where absentee ballots were being processed for the general election. They were ejected from the warehouse. Plaintiffs brought a First Amendment retaliation claim, among other claims. Defendants moved for summary judgment supported, in part, by a document entitled, "Rules for Visitors." Defendants relied on plaintiffs' failure to abide by the Rules for Visitors as a reason for plaintiffs' ejection. On November 26, 1997, the district court granted summary judgment for the defendants on the First Amendment claims. We affirmed on October 8, 1999.

During a parallel state proceeding, a set of "Rules for Visitors" surfaced that dif-fered from the "Rules for Visitors" submitted in the federal case. Plaintiffs then moved for relief from the federal judgment under Fed.R.Civ.P. 60(b)(6) alleging that defendants withheld material evidence, altered evidence and presented perjured testimony in the federal case. On October 31, 2001, the district court denied the motion for relief from judgment. Plaintiffs appeal this denial.[1]

Federal Rule of Civil Procedure 60(b)(6) states, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment." Denials of post-judgment relief under 60(b) are "reverse[d] only upon a clear showing of abuse of discretion." *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989) (internal citations omitted).

The district court properly exercised its discretion in denying the 60(b)(6) motion. Although plaintiffs alleged that defendants fabricated visitor rules to support their summary judgment motion, the record before the district judge indicated to the contrary. Deposition testimony of three witnesses about the procedures followed for visitors in the 1996 election reflected the policy of the "Rules for Visitors" submitted in the federal case. The district court did not abuse its discretion in denying post-trial relief under Fed.R.Civ.P. 60(b)(6).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Plaintiffs waived any claims under Fed. R.Civ.P. 60(b)(2) or 60(b)(3). No claims under Fed.R.Civ.P. 60(b)(2) or 60(b)(3) were brought within a year of judgment as required by rule 60(b).