**Melvin DEAL, Plaintiff—Appellee,**

v.

**COOPER, Deputy; et al., Defendants,**

and

**Dennis E. Syfers, Defendant— Appellant.**

No. 03–15875.
D.C. No. CV–97–00692–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*
Decided Feb. 26, 2004.

Melvin Deal, pro se, Carson City, NV, for Plaintiff–Appellee.

Gregory R. Shannon, Washoe County District Attorney's Office, Reno, NV, for Defendants.

Jeffrey A. Dickerson, Reno, NV, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

**MEMORANDUM****

Dennis Syfers appeals a district court's order denying his Fed.R.Civ.P. 60(b) motion to vacate a default judgment entered against him for failure to answer a properly served complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. A district court's factual findings with respect to a Rule 60(b) motion are reviewed for clear error. *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987). If the facts are undisputed or the findings are not clearly erroneous, we review a refusal to set aside a judgment under Rule 60(b) for abuse of discretion. *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989). We affirm.

The district court permissibly found that the five year period between the filing of Deal's complaint and the filing of Syfers' Rule 60(b) motion constituted prejudice because the passage of time hindered Deal's ability to pursue his claim. *See TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir.2001).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.