**Gurmeet Singh DHINSA, Petitioner—Appellant,**

v.

**Al HERRERA, Warden, Respondent—Appellee.**

No. 05–55522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided April 5, 2006.

Edward J. Horowitz, Esq., Edward J. Horowitz P.C., A Professional Corporation, Pacific Palisades, CA, Barry A. Kozyra, Esq., Kozyra & Hartz, Roseland, NJ, for Petitioner–Appellant.

John C. Rayburn, Jr., Esq., USR—Office of the U.S. Attorney, Riverside, CA, Ronald G. White, Esq., USAB—US Attorney's Office—Brooklyn, Brooklyn, NY, for Respondent–Appellee.

Before: CANBY, NOONAN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Gurmeet Singh Dhinsa was convicted of various federal racketeering crimes in the Eastern District of New York. Nearly a year after that conviction became final, he sought to challenge it by filing a writ of habeas corpus in the Central District of California. The district court presumably could have transferred the petition to the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Eastern District of New York, where it should have been filed, but instead dismissed the petition. *See* 28 U.S.C. § 1631 (authorizing transfer "if it is in the interest of justice"). Dhinsa attempted to file in New York, but his petition there was untimely. Then, more than a year after the dismissal of his petition in the Central District, he moved that court for relief from judgment under Fed.R.Civ.P. 60(b)(6). The district court denied the motion and Dhinsa now appeals. We have jurisdiction under 28 U.S.C. §§ 1291 & 2253(a) and we affirm.

The district court did not abuse its discretion when it denied Dhinsa's Rule 60(b)(6) motion because there were no extraordinary circumstances that prevented him from seeking earlier, more timely relief. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). Although the court's failure to transfer his case could have been challenged under a Rule 60(b)(1) motion grounded in mistake,[1] Dhinsa filed his motion ten months after the one-year deadline to file a Rule 60(b)(1) motion expired, and mistake that is cognizable under Rule 60(b)(1) is not an extraordinary circumstance under Rule 60(b)(6). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *see also Molloy*, 878 F.2d at 316 (stating that a Rule 60(b)(6) motion may not be grounded in any of the reasons in Rule 60(b)(1) through (5)).

Dhinsa is not entitled to relief under Rule 60(b)(6) because he "has ignored normal legal recourses." *Alpine Land*, 984 F.2d at 1049 (quoting *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989)). Dhinsa's conviction became final on October 1, 2001. On September 16, 2002, two weeks before the one-year AEDPA limitations period was to expire, Dhinsa filed his habeas petition in the wrong court. *See* 28 U.S.C. § 2255 (requiring a federal prisoner to file his habeas petition in the district court that sentenced him). After his petition was dismissed he could have moved to amend the judgment under Rule 59(d), moved to vacate the judgment for mistake under Rule 60(b)(1), or appealed the judgment to this court. Because Dhinsa failed to avail himself of any of these usual procedures, he is not entitled to relief under Rule 60(b)(6).

The district court's order is AFFIRMED.

---

1. Because Dhinsa's appeal from the denial of his Rule 60(b) motion does not raise the merits of the underlying judgment, we do not decide whether the district court erred when it did not transfer his petition to the Eastern District of New York. *See Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir.1989).