Richard T. SANSONE, Plaintiff—Appellant,

v.

Christopher SALINDRON; et al., Defendants—Appellees,

Norm Maleng, Fourth–party–defendant–Appellee.

No. 06–35101.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Richard T. Sansone, Federal Way, WA, pro se.

Brian G. Maxey, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Defendants–Appellees.

Susan N. Slonecker, King County Prosecuting Attorney's Office Civil Division/Tort Section, Seattle, WA, for Fourth–party–defendant–appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Richard Sansone, who is on community supervision following his release from state prison, appeals pro se the district court's denial of his motion to reconsider the denial of his motion to vacate the district

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

court's underlying judgment in favor of Washington state officials in Sansone's action, pursuant to 42 U.S.C. §§ 1983 and 1985 and pendent state law claims, alleging various violations of his civil rights arising from the setting of the period of his community placement.

In his motion, Sansone alleged that the state defendants "proffered false statements" and "expired documents" and misrepresented facts in securing the underlying judgments. In his briefs with this court, Sansone does not raise any arguments addressing the district court's denial of his motion to reconsider or the motion to vacate, other than to summarily contend that the district judge "ignored clearly established federal law in her denial of the appellant's motion for reconsideration." Rather, he raises issues which challenge the underlying summary judgment. Sansone fails to set forth any of the grounds for relief from judgment under Rule 60(b). *See* Fed.R.Civ.P. 60(b); *Latshaw v. Trainer Wortham & Company, Inc.,* 452 F.3d 1097, 1100 (9th Cir.2006). Furthermore, because an appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review, and because Sansone's notice of appeal was untimely as to the underlying judgment, we lack jurisdiction to consider Sansone's arguments as to the underlying judgment. *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989). Accordingly, the district court did not abuse its discretion by denying the Rule 60(b) motion. *Id.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.