**DUY PHAM, Petitioner–Appellant,**

v.

**R.J. RYAN, Respondent–Appellee.**

**No. 05–55193.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Martha McNab Hall, Esq., DiIorio & Hall, San Diego, CA, for Petitioner–Appellant.

Duy Pham, Calipatria, CA, pro se.

Bradley A. Weinreb, Esq., Dag, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Duy Pham appeals from the district court's order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *see Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989), and we vacate and remand.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pham contends that the district court abused its discretion in concluding that he failed to set forth extraordinary circumstances justifying relief under Federal Rule of Civil Procedure 60(b)(6). Specifically, Pham contends that he is entitled to relief from judgment because he is illiterate, unable to speak English, and that the prisoner who had assisted him in filing his habeas petition was transferred, and consequently, that he was unable to respond to the government's motion to dismiss his 28 U.S.C. § 2254 petition. The district court denied Pham's motion without the benefit of *Mendoza v. Carey*, 449 F.3d 1065, 1071 (9th Cir.2006) (holding that where a prisoner "alleged that he lacks English language ability, was denied access to [native]-language legal materials, and could not procure the assistance of a translator," those facts could constitute an extraordinary circumstance, that "may entitle him to equitable tolling"); *see also Ford v. Hubbard*, 330 F.3d 1086, 1106 n. 20 (9th Cir.2003), *vacated on other grounds sub nom. Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) (comparing the showing of extraordinary circumstances necessary for equitable tolling with the showing necessary for relief from judgment under Rule 60(b)(6)). Accordingly, we vacate the district court's order and remand for reconsideration of Pham's Rule 60(b)(6) motion in light of *Mendoza.*

**VACATED and REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.