**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSH SPINKS, Jr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> E. LOPEZ, <br><br> Defendant-Appellee, <br><br> and <br><br> T. LAU; C. SCHUTT, <br><br> Defendants. | No. 21-15007 <br><br> D.C. No. 1:10-cv-01886-AWI-SKO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Rush Spinks, Jr., appeals pro se from the district court's order denying his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 60(b) motion for relief from the court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016) (en banc). We affirm.

The district court did not abuse its discretion by construing Spinks's motion as one for relief under Rule 60(b)(3) and denying it as untimely because the motion was filed more than six years after the entry of judgment. *See* Fed. R. Civ. P. 60(b)(3) (providing that a court may relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party); 60(c)(1) (requiring a motion under Rule 60(b) to be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment); *see also United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) ("Mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and perjury by a party or witness, by itself, is not normally fraud on the court." (citation and internal quotation marks omitted)); *Molloy v. Wilson*, 878 F.2d 313, 316-17 (9th Cir. 1989) (setting forth the standard of review for construing a Rule 60(b) motion, and noting that Rule 60(b)(6) motions can only be brought for reasons other than those enumerated in subsections (1)–(5)).

Even if Spinks's motion were construed as being brought under Rule

60(b)(6), Spinks has not shown the requisite extraordinary circumstances to be granted relief. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

The district court did not abuse its discretion by denying Spinks's requests for entry of default because defendant did not fail to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a) (providing for entry of default when a defendant "has failed to plead or otherwise defend"); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (setting forth standard of review); *see also* E.D. Cal. R. 78-230(1) (providing that a failure to file an opposition or statement of non-opposition to a motion *may* be, but is not required to be, deemed a waiver to any opposition to the granting of the motion and *may* result in the imposition of sanctions).

The parties' motions for judicial notice (Docket Entry Nos. 17 and 23) are granted.

**AFFIRMED.**