NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEEP, INC.,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>LAURENCE ZIELKE, an<br>individual; ZIELKE LAW FIRM, PLLC,[**]<br><br>    Defendants - Appellees. | No. 23-2661<br><br>D.C. No.<br>6:20-cv-01673-MC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 13, 2024[***]
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Plaintiff-Appellant LEEP, Inc. ("LEEP") appeals an order of the U.S. District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Defendants-Appellees John Nordstrom, Americap Co., Inc., Americap Two, and Americap Three were not parties to this appeal.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Court for the District of Oregon that denied LEEP's motion to alter or amend the district court's December 2022 judgment based on newly discovered evidence pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). The district court's December 2022 judgment dismissed without prejudice LEEP's breach of fiduciary duty claims against Defendants-Appellees Lawrence Zielke and Zielke Law Firm, PLLC for lack of personal jurisdiction and improper venue.

The parties are familiar with the facts, so we recount them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm.

"A district court's denial of a Rule 60(b) motion for relief from judgment due to . . . newly discovered evidence is reviewed for abuse of discretion." *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991). When reviewing for abuse of discretion,

> [W]e first look to whether the [district] court identified and applied the correct legal rule to the relief requested. Second, we look to whether the [district] court's resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. . . . [O]nly then are we able to have a definite and firm conviction that the district court reached a conclusion that was a mistake or was not among its permissible options.

---

[1] But we lack jurisdiction to review the merits of the district court's December 2022 judgment that dismissed LEEP's claims against Defendants-Appellees for lack of personal jurisdiction and improper venue. *See Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991) ("An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment."). LEEP had thirty days to appeal the December 2022 judgment, but it did not. Thus, we need only review the district court's order denying LEEP's Rule 60(b) motion.

*United States v. Hinkson*, 585 F.3d 1247, 1262-63 (9th Cir. 2009) (en banc) (internal quotation marks omitted).

1.    "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989).

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation and internal quotation marks omitted).

2.    The district court properly denied LEEP's motion to alter or amend the judgment under Rule 60(b)(2).  It identified the correct legal standard and found that the 13 banker's boxes at issue were not "newly discovered evidence."

Further, the district court's application of facts was not illogical, implausible, or without support in inferences from the facts in the record.  "Evidence in the possession of the party before the judgment as rendered is not newly discovered." *Feature Realty, Inc.*, 331 F.3d at 1093.  Here, the district court found that since November 19, 2021, LEEP possessed the 13 banker's boxes with the alleged newly

discovered evidence, more than six months before Defendants-Appellees filed its motion to dismiss for lack of personal jurisdiction. Indeed, as the district court found, LEEP clearly went through some of the documents as "it relied on some of those documents in its December 30, 2021, motion to find Nordstrom in contempt."

Even if the 13 banker's boxes were newly discovered evidence, LEEP did not use due diligence to discover it. "Th[e] fact of possession also makes clear that [the party] did not use due diligence to discover [the evidence]." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). LEEP had possession of the documents, but it did not fully review those documents before filing for partial summary judgment in April 2022; it did not review those documents when responding to Defendants-Appellees' motion to dismiss for lack of personal jurisdiction in May 2022; and it did not review those documents before suing Defendants-Appellees in the Western District of Kentucky in January 2023. Accordingly, the district court did not abuse its discretion.

**AFFIRMED.**