46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JORDAN UNDERWRITERS SERVICES, INC.; Stephen C. Jordan;
Plaintiffs-Appellants,
v.
INTREPID INSURANCE CO., a West Virginia corporation, et al.,
Defendants-Appellees.
JORDAN UNDERWRITERS SERVICES, INC.; Stephen C. Jordan,
Plaintiffs-Appellees,
v.
Samuel L. ISLEY; Kathy Kennington Isley, Defendants-Appellants.
 Nos. 94-15453, 94-15583.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Jordan appeals pro se the district court's order denying his Fed.R.Civ.P. 60(b) motion for reconsideration of the district court's summary judgment in favor of defendants. Jordan also appeals the district court's post-judgment order denying his motion for extension of time for filing a notice of appeal. Samuel and Kathy Kennington Isley[1] cross-appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the post-judgment orders of the district court and dismiss the cross-appeal as untimely.
 
 
 3
 * 94-15453
 
 
 4
 We review the denial of a motion to reconsider under Fed.R.Civ.P. 60(b) for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Id. Accordingly, we lack jurisdiction to review the district court's summary judgment order.[2]
 
 
 5
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertance, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 6
 In his motion for reconsideration, Jordan alleged that he was denied due process during the summary judgment proceedings because (1) the district court did not provide him with enough time for discovery; (2) he had acquired evidence after filing his response to defendants' motion for summary judgment; and (3) the court misled him by ruling on defendants' summary judgment motion while a date for oral argument was pending. We agree with the district court that Jordan failed to establish that he was entitled to reconsideration of his case pursuant to Rule 60(b). As the district court noted, Jordan had ample time for discovery and collection of evidence, considering that the case had been litigated for over four years. Thus, Jordan failed to show mistake, inadvertance, or surprise as a basis for reconsideration. See Fed.R.Civ.P. 60(b)(1). In addition, because the motion for summary judgment was fully briefed by both parties, the summary judgment order was properly decided on the papers and was therefore not void. See Fed.R.Civ.P. 60(b)(4).
 
 
 7
 Accordingly, the district court did not abuse its discretion by denying Jordan's motion for reconsideration. See Fed.R.Civ.P. 60(b).[3]
 
 
 8
 Additionally, the district court did not err by denying as moot Jordan's motion for extension of time for filing a notice of appeal. See Fed.R.App.P. 4(a)(5).
 
 
 9
 AFFIRMED.
 
 II
 94-15583
 
 10
 On May 17, 1994, by an order of a panel of this court, the Isleys' cross-appeal was deemed untimely. See Fed.R.App.P. 4(a)(3). Accordingly, we dismiss the Isleys' cross-appeal.
 
 
 11
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kathy Kennington Isley was dismissed as a defendant by the district court
 
 
 [2]
 The district court entered summary judgment on December 3, 1993. On January 4, 1994, Jordan filed a motion to set aside the judgment, which the district court denied as untimely on January 6, 1994. On January 19, 1994, Jordan filed a motion for reconsideration of the district court's January 6, 1994 order. The district court denied the motion on February 7, 1994. Jordan timely appeals. We have jurisdiction only to review the February 7, 1994 order denying Jordan's motion to reconsider the district court's January 6, 1994 order
 
 
 [3]
 On appeal, Jordan contends that summary judgment was improper because the district court lost seventeen documents that he submitted in support of his claims. As we stated in our previous order on June 15, 1994, our review is limited to the January 6, 1994 and February 7, 1994 orders denying Jordan's motion for reconsideration. Because Jordan did not raise the issue of lost documents in his motion for reconsideration, we decline to consider the issue in this appeal