73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY, Situated at 6050 Duncan Drive, Las Vegas,
Clark County, Nevada, etc.; ROBERT JESTIC,
Defendants-Appellants.
 No. 94-17149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Jestic appeals pro se the district court's order granting the government's motion for summary judgment in a civil forfeiture action brought against real property ("the property") owned by Jestic. Jestic also appeals the district court's denial of his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On September 16, 1991, the government filed a complaint against the property under 21 U.S.C. Sec. 881(a) alleging that the property either constituted the proceeds of controlled substances or had been used to facilitate the sale of controlled substances. On September 2, 1994, the government filed a motion for summary judgment. The government's motion was supported by statements of a coconspirator of Jestic's and a confidential informant which detailed extensive narcotics distribution by Jestic from the property. The statements were corroborated by a Drug Enforcement Administration investigation and surveillance.
 
 
 5
 After Jestic failed to respond to the government's summary judgment motion, the district court granted summary judgment for the government and filed an order of forfeiture. Jestic sent a letter to the district court requesting reconsideration of the grant of summary judgment on the basis that he had not received the motion, and therefore did not have an opportunity to respond. The district court construed this letter as a Fed.R.Civ.P. 60(b) motion, and ordered the government to respond. The government responded, and the district court denied the motion for reconsideration.
 
 II
 Summary Judgment
 
 6
 Jestic contends that the district court erred by granting summary judgment for the government. This contention lacks merit.
 
 
 7
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam), cert. denied, 115 S.Ct. 1097 (1995). In civil forfeiture proceedings, "[t]he government bears the initial burden of showing probable cause that the property seized is the proceeds of a federal narcotics violation or was used to commit or facilitate such a violation." United States v. Real Property Located at Incline Village 47 F.3d 1511, 1519 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3086 (July 28, 1995). "Once the government succeeds in establishing probable cause, the burden of proof shifts to the claimant to show by a preponderance of the evidence that the property is not forfeitable." Id. at 1519-20.
 
 
 8
 Here, the government met its initial burden by submitting evidence sufficient to establish probable cause. Jestic, however, did not file an opposition to the motion for summary judgment.[1] See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.) (stating that although pro se pleadings are construed liberally, pro se litigants are nonetheless bound by the rules of procedure), cert. denied, 116 S.Ct. 119 (1995). Thus, Jestic failed to "show by a preponderance of the evidence that the property [was] not forfeitable." Real Property Located at Incline Village, 47 F.3d at 1519-20. Accordingly, the district court was correct in finding that Jestic had not met the shifting burden and that the government was entitled to summary judgment. See id.
 
 III
 Motion for Reconsideration
 
 9
 Jestic contends that the district court erred in denying his motion for reconsideration because he never received the government's motion for summary judgment, and therefore had no opportunity to respond. The record belies this claim.
 
 
 10
 We review the denial of a Fed.R.Civ.P. 60(b) motion for abuse of discretion, and will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (internal quotations omitted). A motion for reconsideration may be brought if the moving party can show mistake, inadvertence, surprise, or excusable neglect. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 11
 Here, the government submitted proof of service of the motion for summary judgment sent to Jestic's home address. Furthermore, the record reveals that Jestic received a copy of the minutes of an August 24, 1994 hearing which clearly instructed the government to submit a motion for summary judgment by September 2, 1994: the district court mailed Jestic a copy of the minutes and Jestic refers to the discovery deadline contained in the minutes in his motion to for reconsideration.
 
 
 12
 Accordingly, the district court did not abuse its discretion in denying Jestic's motion for reconsideration. See Molloy, 878 F.2d at 315.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Marshall v. Gates, 44 F.3d 722, 723-25 (9th Cir.1995); Henry v. Gill Indust. Inc., 983 F.2d 943, 950 (9th Cir.1993) ("[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with [Fed.R.Civ.P.] 56, hence impermissible under [Fed.R.Civ.P.] 83"). A district court may, however, grant summary judgment when the unopposed moving papers are sufficient on their face and show that no issues of material fact exist. See id