83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred BANKS, Plaintiff-Appellant,
v.
John W. WITT; Stephanie Gareth; Detective Casey;
Detective Cavada; Robert W. Burgreen; Glen
Buries; Jerome E. Varon; Michael
Goodman, Defendants,
and
County of San Diego; City of San Diego & Employees Penny
Castleman; Robert Mulcahy, Defendants-Appellees.
 No. 94-55989.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Banks appeals pro se the district court's summary judgment in favor of certain defendants in his action alleging entrapment, defamation, fraud, harassment, violations of his civil rights under 42 U.S.C. § 1983, and conspiracy to obstruct justice under 18 U.S.C. § 1962. Banks also appeals the district court's denial of his motions for (1) recusal; (2) appointment of counsel; and (3) reconsideration.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 First, Banks contends that the district court erred by granting summary judgment to defendant San Diego County. We review de novo a district court's summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992).
 
 
 4
 A governmental entity such as San Diego County may be held liable under 42 U.S.C. § 1983 only when the execution of the entity's policy or custom results in the deprivation of civil rights. See Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978). Here, a de novo review of the record reveals that Banks failed to present evidence to show that San Diego County had a policy or custom of violating the civil rights of African-Americans. See id. Similarly, Banks failed to present evidence to establish the elements necessary to support a claim pursuant to 18 U.S.C. § 1962 against San Diego County. See Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988) (stating that conclusory allegations are not sufficient to withstand summary judgment).
 
 
 5
 Accordingly, the district court did not err by granting summary judgment in favor of San Diego County. See id.
 
 
 6
 Second, Banks contends that the district court erred by granting summary judgment to defendants City of San Diego and two of its attorneys, Penny Castleman and Robert Mulcahy, because defendants were not entitled to immunity. After a de novo review of the record, we affirm the district court's summary judgment for these three defendants for the reasons stated in the order granting summary judgment filed on April 21, 1994.
 
 
 7
 Third, Banks contends that District Judge Gonzalez should have recused herself from the case because she previously worked with defendants in her capacity as a state court judge and because she has a bias against black pro se plaintiffs like Banks. We review the denial of a recusal motion for abuse of discretion. See United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989). Banks failed to support his conclusory allegations of bias with specific facts or reasons for the belief that bias exists. See Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir.1981). Accordingly, the district court did not abuse its discretion by denying Banks's recusal motion. See Monaco, 852 F.2d at 1147.
 
 
 8
 Fourth, because this case presents no exceptional circumstances, the district court did not abuse its discretion by denying Banks's motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 9
 Fifth, because Banks failed to show "mistake, inadvertance, surprise, or excusable neglect," see Fed.R.Civ.P. 60(b)(1), the district court did not abuse its discretion by denying Banks's motion for reconsideration, see Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 10
 We decline to take judicial notice of Banks's bankruptcy proceeding because it is irrelevant to this case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Banks's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We limit our review of Banks's contentions on appeal to the issues raised in his opening brief and supported by argument. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 n. 3 (9th Cir.1996) (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (issues raised in brief but not supported by argument are deemed abandoned))