87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Armando CANEZ, Plaintiff-Appellant,
v.
CITY OF PHOENIX; Johnny Vasquez, Defendants-Appellees.
 No. 96-15386.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Armando Canez appeals pro se the district court's order denying his motion to vacate the district court's prior dismissal of his civil rights action brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 In August 1995, Canez filed a pro se civil rights complaint and a motion for leave to proceed in forma pauperis in the district court. He failed to sign the complaint, but signed the declaration in support of his request to proceed in forma pauperis.
 
 
 5
 On September 27, 1995, the district court issued an order: (1) ruling that Canez's failure to sign the complaint was in violation of Fed.R.Civ.P. 11(a); and (2) staying Canez's action for thirty days to allow Canez to file a signed, amended complaint. The court warned Canez that if he failed to file the amended complaint within thirty days, the Clerk of the Court was directed to enter dismissal of the action pursuant to Fed.R.Civ.P. 41(b). The court engaged in no discussion of the merits of Canez's complaint.
 
 
 6
 On October 31, 1995, having received no amended complaint from Canez, the Clerk of the Court entered a judgment dismissing the action.
 
 
 7
 On February 5, 1996, Canez filed a "motion to vacate" in the district court, stating that on January 29, 1996, he was notified by the Clerk of the Court, in response to his inquiry as to the status of his case, that his case had been dismissed. In his motion, Canez stated that he had never received any order from the court, and asked the court to order the Clerk of Court to send him a copy "so that he could cure any deficiencies."
 
 
 8
 On February 13, 1996, the district court issued an order denying Canez's motion to vacate: (1) acknowledging that Canez had contended in his motion to vacate that he had not received any order of dismissal in this case; (2) construing Canez's motion as a "motion to inquire" rather than a "motion to vacate"; and (3) advising Canez that judgment had been entered in his case on October 31, 1995 and that, therefore, "it is too late for Plaintiff to 'cure' any defects alleged in his complaint." The district court did not, however, make any finding as to whether Canez received either the court's September 27, 1995 order directing him to file an amended complaint within thirty days or the judgment dismissing his case.
 
 
 9
 On February 20, 1996, Canez filed a notice of appeal repeating that he had never received a copy of either the September 27, 1995 order or the judgment dismissing his case.
 
 II
 
 10
 Construction of Canez's "Motion to Vacate"
 
 
 11
 Although neither Canez nor the district court indicated what Federal Rule of Civil Procedure governed Canez's February 5, 1996 "Motion to Vacate," a motion which challenges the merits of the court's final judgment is properly brought under Fed.R.Civ.P. 60(b) or 59(e). See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir.1991); see also Hammer v. Drago, 940 F.2d 524, 525 (9th Cir.1991) (motion styled an "Application to Set Aside Right to Attach Order And Release Attached Property, Etc." treated as Rule 60(b) motion). Here, because Canez's motion was not timely under Rule 59(e), it is properly construed as a Rule 60(b) motion. Cf. United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir.1992) (a motion to reconsider, however labelled, served within ten days of the entry of an order that could have been brought under Rule 59(e) construed as a 59(e) motion).
 
 III
 Standard of Review
 
 12
 The denial of a Fed.R.Civ.P. 60(b) motion is reviewed only for abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978); Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). An appeal from a Rule 60(b) motion brings up only the denial of the motion for review, not the underlying judgment. Molloy, 878 F.2d at 315.
 
 
 13
 In order to decide whether the district court abused its discretion by denying Canez's Rule 60(b) motion, we must determine whether the district court's previous order dismissing Canez's action for failure to comply with the court's order was proper.
 
 III
 Discussion
 
 14
 On appeal, Canez contends that the district court erred in denying his motion to vacate, and refusing to allow him to amend his complaint out of time, because he never received a copy of the order directing him to amend his complaint or the judgment dismissing his case.
 
 
 15
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In addition, a district court may dismiss an action where the court has provided a pro se litigant with notice of the deficiencies in his complaint and leave to amend before dismissing the action. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 16
 Here, the district court's September 27, 1995 order notified Canez of his failure to sign his complaint and directed him to file an amended, signed complaint within thirty days, which Canez failed to do. The court's September 27, 1995 order conforms with the requirement of notification and opportunity to amend set forth in McGuckin. Thus, if Canez received a copy of the order and simply failed to comply with it, the district court's dismissal of his action would be proper. Fed.R.Civ.P. 41(b); McGuckin, 974 F.2d at 1055; Ferdik, 963 F.2d at 1260.
 
 
 17
 Canez alleged, however, in his February 5, 1996 motion to vacate that he never received the court's September 27, 1995 order. Thus, he may not have received the requisite notice of the deficiencies in his complaint and an opportunity to amend. See McGuckin, 974 F.2d at 1055. The district court, moreover, failed to properly construe Canez's motion to vacate as a Rule 60(b) motion, and made no finding as to whether Canez received a copy of the September 27, 1995 order.
 
 
 18
 Accordingly, we remand to the district court for the district court to make a finding as to whether Canez received the September 27, 1995 order and, thus, received notice of the deficiencies in his complaint and an opportunity to amend in accordance with McGuckin, 974 F.2d at 1055. After the district court makes such a finding, the court may proceed in a manner consistent with this memorandum disposition.
 
 
 19
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3