108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Toby K. BAILEY, Plaintiff-Appellant,
v.
Tom ROLFS; Tana Wood; Tom Schneidmiller, Defendants-Appellees.
 No. 96-35469.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Toby K. Bailey, a Washington state prisoner, appeals pro se the district court's denial of his motion for reconsideration in Bailey's 42 U.S.C. § 1983 action challenging a Washington state prison directive prohibiting certain inmates from participating in the Extended Family Visitation Program. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm.
 
 
 3
 Because Bailey's Rule 59(e) motion was untimely, we construe the motion as one brought under Fed.R.Civ.P. 60(b). See Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1463 n. 35 (9th Cir.1992); Straw v. Bowen, 866 F.2d 1167, 1171-72 (9th Cir.1989).
 
 
 4
 We review for abuse of discretion a district court's ruling on a Rule 60(b) motion. See Export Group v. Reef Indus., 54 F.3d 1466, 1469 (9th Cir.1995). We will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (internal quotations omitted).
 
 
 5
 In his motion seeking reconsideration, Bailey argued that he should have been provided with an opportunity to conduct discovery before the district court dismissed his action.[2] Because Bailey failed to allege facts sufficient to state a claim under section 1983, see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988), this argument lacks merit. Accordingly, we conclude that the district court did not abuse its discretion by denying Bailey's motion for reconsideration. See Molloy, 878 F.2d at 315.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have appellate jurisdiction despite the district court's failure to enter a separate judgment for the order denying Bailey's Rule 59(e) motion, especially in light of the defendants' failure to object to appellate jurisdiction. See Allah v. Superior Ct., 871 F.2d 887, 890 n. 1 (9th Cir.1989)
 
 
 [2]
 Before dismissing his complaint, the district court provided Bailey with an opportunity to amend his complaint pursuant to Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987)
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. NO. 104-134, 110 Stat. 1321 (1996) to this appeal